IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUAN MARTINEZ                                                                                    PETITIONER
ADC #151680

V.                                        CASE NO. 5:17-cv-0298 DPM-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                                    RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following final recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

  2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Disposition

  Juan Martinez, an inmate in the Arkansas Department of Correction (ADC), filed a habeas petition (Doc. No. 2) on November 13, 2017. He later filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 14) on December 13, 2017. On January 19, 2018, Martinez filed a second habeas petition in Case No. 5:18-cv-00019 DPM-JTK. The district court construed the new petition as an amendment to the instant petition, and the pleading was filed as an Amended Petition (Doc. No. 40) on January 29, 2018. On January 31, 2018, Martinez filed another Motion for Temporary Injunction (Doc. No. 43). The previous motion for injunction (Doc. No. 36) has been resolved in a partial recommended disposition (*See* Doc. No. 56). The undersigned submitted a second partial

recommended disposition to address the Motion for Settlement (Doc. No. 51) and second Motion for Temporary Restraining Order (Doc. No. 55) on March 2, 2018.

In response to the habeas petitions (Doc. Nos. 2 and 40), the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 14), and Motion for Temporary Injunction (Doc. No. 43), Respondent filed a Response in Opposition to the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No.47), a Motion to Dismiss Petitions for Writ of Habeas Corpus and Brief in Support (Doc. Nos. 48 and 49), and a Response to the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 52).

In this final recommended disposition, the undersigned recommends that the Motion to Dismiss Petitions for Writ of Habeas Corpus be granted; the Motion for Temporary Restraining Order and Preliminary Injunction be denied; and the Motion for Temporary Injunction be denied.

## Background

Juan Martinez entered a negotiated plea of guilty in Washington County Circuit Court on January 27, 2012, to sexual assault in the fourth degree. He was sentenced as a habitual offender and received ninety-six (96) months imprisonment with an additional suspended imposition of sentence of forty-eight (48) months (Doc. No. 49-2). Martinez also entered a negotiated plea of guilty in Boone County Circuit Court on February 21, 2012, for failure to register as a sex offender and received a seventy-two (72) month sentence with an additional

suspended imposition of sentence of forty-eight (48) months (Doc. No. 49-3). Martinez did not appeal his convictions in state court, and he does not challenge them here.

On April 4, 2013, Martinez became eligible for transfer to supervised release/parole (Doc. No. 49-4, at p.1). The ADC released Martinez on parole on July 19, 2016 (Doc. No. 49-4, at p.6). He was arrested for violations on August 11, 2016, in Sebastian County, and following a revocation hearing, his parole was revoked, and he was returned to ADC custody on August 18, 2016 (Doc. No. 49-4, at p. 6).

On June 23, 2017, Martinez had a transfer eligibility reconsideration hearing (Doc. No. 49-4, at p. 3). He was recommended for transfer to supervised release, subject to a suitable parole-release plan. Subsequently, Martinez received a series of disciplinaries for a variety of infractions, including the refusal to follow a direct verbal order, resulting in a range of sanctions, including sixty (60) day visitation, phone, and commissary restrictions, good time class reduction, and ten (10) days of punitive isolation—the only sanction Martinez challenges in this petition. Despite these sanctions, the Parole Board's recommendation that Martinez be eligible for parole transfer stood (Doc. No. 49-4, at pp. 2-3, *see* entries of 8/11/2017 and 7/28/2017). Martinez has yet to submit a suitable parole-release plan; therefore, he remains imprisoned at the ADC (Doc. No. 49-5).

### Petitions for Writ of Habeas Corpus (Docs. No. 2 and 40)
### Motions for Restraining Order and Injunctive Relief (Docs. No. 14 and 43)

A liberal reading of the petitions and motions indicate that Martinez challenges his

August 2, 2017, disciplinary action, alleging that the ADC illegally imprisoned him in punitive isolation and seeking reinstatement of his I-C designation[1], expungement of the disciplinary from his file, and transfer to the Veterans Barracks/program at the Ester Unit.[2] Martinez claims he was denied protective custody on three separate occasions, which resulted in the three false disciplinaries against him, and he requests the Court to arrange his meeting and polygraph with the ADC Internal Affairs, Arkansas State Trooper, American Civil Liberties Union, and the United States Department of Justice-Civil Rights Division so that a formal investigation can be opened by ADC Internal Affairs. Finally, Martinez also argues that state officials and the parole board are violating his constitutional rights by denying his parole-release plans. Martinez seeks an order to demand that ADC and Arkansas Department of Community Correction (ACC) follow policy and submit his release plan to Fort Smith "with a back date of 1/16/18 and to respond to my 15 inmate requests and grievances." (Doc. No. 43, at p. 2).

In response to both Motions for Temporary Restraining Order and Preliminary Injunction, Respondent argues relief should be denied because Martinez seeks injunctive relief in a habeas proceeding that alleges claims that are neither cognizable nor meritorious (Doc. Nos. 47 and 52). In response to the habeas petition itself, Respondent filed a Motion

---

[1] Martinez has been reinstated as Class I-C (Doc. No. 49-4).

[2] Martinez was notified on December 6, 2017, that his numerous request for Veterans Barrack housing in at the Ester Unit had been received; he did not need to send additional requests; there were no current vacancies; and he would be added to the Ester Unit's waiting list, if approved, upon review of his institutional file (Doc. No. 20, p. 2).

to Dismiss and Brief in Support (Doc. Nos. 48 and 49). In it, she argues Martinez's petitions fail to state a claim cognizable in federal habeas corpus proceedings. (Doc. Nos. 48 and 49).

## Discussion

Disciplinaries

"The central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). In a habeas corpus claim, the custody at issue is the confinement ordered in the original judgment of conviction, not a disciplinary confinement for prison rule violations. *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

To the extent Martinez contests his punitive isolation, this temporary disciplinary confinement does not raise a constitutional issue for federal habeas review. *See Portley-El v. Brill*, 288 F.3d 1063, 1065-1066 (8th Cir. 2002) (inmates do not have a constitutionally-protected interest in avoiding temporary disciplinary segregation). Likewise, Martinez's inmate class status does not present an issue within this Court's habeas corpus jurisdiction. His class status affects the conditions of his confinement, not the fact or length of custody. Therefore, because the relief sought would not invalidate or call into question the underlying conviction, Martinez's challenge cannot be brought as a habeas corpus petition. A civil rights complaint under 42 U.S.C. § 1983 would be the proper remedy for a state prisoner who

is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.

Even if Martinez would have brought his allegations under 42 U.S.C. § 1983, or the Court were to construe the complaint under section 1983, Martinez still has not stated a claim for relief because changes to class status as a result of a disciplinary conviction does not rise to the level of a due process claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (to state a claim under section 1983, one must allege that a state employee deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States); *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003) (to prevail on a 14th Amendment due process claim, a prisoner must show that he was deprived of life, liberty, or property by government action). Martinez's class status was reduced as a result of disciplinary action; he has no federally protected liberty interest in his classification. *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (holding that inmate did not have a constitutional right to a particular classification). Further, placement in punitive isolation for relatively short intervals, including the temporary suspension of privileges while so confined, is not the type of "atypical and significant" hardship that triggers the protection of the due process clause. *Phillips v. Norris*, 320 F.3d at 847 (citing *Kennedy v. Blankenship, infra*).

To the extent Martinez alleges violations of ADC policies regarding the disciplinary proceedings, the argument fails. There is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris*,

7

320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). "[A]ny liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the state believes it can best determine how he should be confined.'" *Id.* Moreover, punitive isolation does not implicate the due process clause. Again, it is "not the sort of deprivation that qualifies as 'atypical and significant.'" *Kennedy v. Blankenship*, 100 F.3d at 642.

Parole Release

Martinez also claims the parole board has violated his constitutional right to due process by denying his parole-release plan. Under well-established law, Martinez does not have a protected liberty interest, under the United States Constitution, in the possibility of being granted parole. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). The mere possibility of parole does not create an entitlement to due process under the Fourteenth Amendment. *Greenholtz*, 442 U.S. at 11.

While a state law may give rise to a liberty interest protected under the Fourteenth Amendment, the Arkansas Supreme Court has held that there is no liberty interest in parole in Arkansas*, see Whiteside v. Arkansas Parole Board*, 2016 Ark. 217, and the Eighth Circuit

Court of Appeals has held, therefore, that discretionary parole does not invoke due process protections. *See Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 155 (8th Cir. 2007). A review of the record indicates Martinez's release plans have been rejected because he has failed to find a suitable home plan. He contends the denial of his release plans is retaliatory, but there are no facts to support the inference. In any event, because there is no constitutionally-protected interest in parole release, Martinez's argument must fail.

## Conclusion

Based on the foregoing, the Court recommends that Respondent's Motion to Dismiss (Doc. No. 48) be granted and that the petitions for writ of habeas corpus be denied with prejudice, for failure to state claims for relief. Further, the Court recommends that the Motion for Preliminary Injunction and Motion for temporary Restraining Order (Doc. Nos. 14 and 43) be denied. Finally, the Court recommends that no certificate of appealability be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 7th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE